IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PACIFIC COAST FRUIT COMPANY,** an Oregon Corporation,        Plaintiff, | 3:16-cv-00463-BR  OPINION AND ORDER |
| v. | |
| **RON SQUIRES dba FOUR SEASONS FARMERS MARKET,**        Defendant. | |

**BRENT G. SUMMERS**
Tarlow Naito & Summers, LLP
2501 S.W. First Ave,
Suite 390
Portland, OR 97239
(503) 968-9000

        Attorneys for Plaintiff

**BROWN, Judge.**

     This matter comes before the Court on Plaintiff's Motion (#12) for An Award of Attorney Fees and Bill of Costs (#15).  For the reasons that follow, the Court **GRANTS as modified** Plaintiff's Motion for an Award of Attorney Fees and Bill of Costs and **AWARDS**

1 - OPINION AND ORDER

Plaintiff attorneys' fees of **$1,406.00,** paralegal fees of **$1,125.30,** and costs of **$465.00**.

## BACKGROUND

Plaintiff is in the business of buying and selling perishable agricultural commodities (produce) and is a licensed dealer subject to the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499e.

Defendant signed an Account Agreement with Plaintiff for the purchase of produce on credit, and between November 2014 and May 2015 Plaintiff sold and delivered produce to Defendant at a cost of $32,758.91.  Defendant failed to pay for the goods that Plaintiff sold to Defendant.  Pursuant to PACA Plaintiff also became the beneficiary in a statutory trust to ensure that suppliers would be paid when Defendant received produce from Plaintiff.

On March 17, 2016, Plaintiff filed a Complaint in this Court seeking to collect money from Defendant for goods Plaintiff sold to Defendant.  Plaintiff personally served Defendant with Summons and Complaint, but Defendant failed to answer or otherwise to appear within the time required.  On May 18, 2016, the Court granted Plaintiff's Motion for Default and issued an Order of Default against Defendant.  On May 25, 2016, the Court entered

2 - OPINION AND ORDER

Default Judgment in the amount of $32,758.91 against Defendant in favor of Plaintiff.

## DISCUSSION

### I. Plaintiff is entitled to reasonable attorneys' fees.

The Account Agreement between the parties provides for attorneys' fees as follows:

> I/we further understand and agree that all accounts or monies due shall be paid in accordance with the credit terms stated and agree to pay all reasonable costs of collection including any court costs and/or attorney fees incurred.

In addition, this action was brought pursuant to PACA, and contractual rights to interest and attorneys' fees are within the scope of a claim pursuant to PACA. *Middle Mountain Land and Produce, Inc. v. Sound Commodities, Inc.*, 307 F.3d 1220, 1222-25 (9th Cir. 2002).

Accordingly, on this record the Court concludes Plaintiff is entitled to reasonable attorneys' fees and costs in this matter.

### II. Plaintiff is entitled to attorneys' and paralegal fees in the amount of $2,531.30.

#### A. Standards

The Supreme Court has stated under federal fee-shifting statutes that "the lodestar approach" is "the guiding light" when determining a reasonable fee. *Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010). Under the lodestar method the court first determines

3 - OPINION AND ORDER

the appropriate hourly rate for the work performed and then multiplies that amount by the number of hours properly expended in doing the work. *Id.* Although "in extraordinary circumstances" the amount produced by the lodestar calculation may be increased, "there is a strong presumption that the lodestar is sufficient." *Id.* at 556. The party seeking an award of fees bears "the burden of documenting the appropriate hours expended in the litigation, and [is] required to submit evidence in support of those hours worked." *United Steelworkers of Am. v. Ret. Income Plan For Hourly-rated Emps. Of Asarco, Inc.*, 512 F.3d 555, 565 (9th Cir. 2008)(quotations omitted). When "determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009)(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

To determine the lodestar amount the court may consider the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances;(8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional

4 - OPINION AND ORDER

>relationship with the client; and (12) awards in similar cases.

*Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1007 n.7 (9th Cir. 2002)(quotation omitted). A rote recitation of the relevant factors is unnecessary as long as the court adequately explains the basis for the award of attorneys' fees. *McGinnis v. Kentucky Fried Chicken of Cal.*, 51 F.3d 805, 809 (9th Cir. 1995).

The lodestar amount is presumed to be the reasonable fee, and, therefore, "'a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts.'" *Summers v. Carvist Corp.*, 323 F. App'x 581, 582 (9th Cir. 2009)(quoting *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000)). "Adjustments [to the lodestar amount] must be carefully tailored . . . and [made] only to the extent a factor has not been subsumed within the lodestar calculation." *Rouse v. Law Offices of Rory Clark*, 603 F.3d 699, 704 (9th Cir. 2009)(citing *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008)).

**B.    Time expended in connection with Plaintiff's action.**

Plaintiff seeks to recover attorneys' fees for time attorney Brent G. Summers and paralegal Teresa Chrisinger spent in the handling of Plaintiff's claims against Defendant. The hourly billing records for their services were submitted with the

5 - OPINION AND ORDER

Declaration of Brent G. Summers (#14).  Those records reflect a total of 13.1 hours (3.80 hours by attorney Summers and 9.30 hours by paralegal Chrisinger) expended in investigating the facts of the case, drafting the Complaint and service documents, corresponding with the client, and preparing the Motion for Default Judgment.

Even though Defendant has not appeared in this action and, therefore, has not objected to Plaintiff's requests, the Court has an independent duty to review a motion for attorneys' fees for reasonableness.  *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).  *See also Cruz v. Alhambra Sch. Dist.*, 282 F. App'x 578, 580 (9th Cir. 2008)(The district court has an "obligation to articulate . . . the reasons for its findings regarding the propriety of the hours claimed or for any adjustments it makes either to the prevailing party's claimed hours or to the lodestar.").

On this record the Court concludes the time expended by attorney Summers and paralegal Chrisinger on this matter was reasonable.

    **C.**    **Requested hourly rate for attorney Summers.**

Counsel requests an hourly rate of $370.00 for his time.

To determine the reasonable hourly rate of an attorney, this Court uses the most recent Oregon State Bar Economic Survey

6 - OPINION AND ORDER

published in 2013 as its initial benchmark.  Attorneys may argue for higher rates based on inflation, specialty, or any number of other factors.  Attorney Summers states in his Supplemental Declaration that he has over 33 years of experience as a commercial lawyer handling collections, foreclosures, and other loan engagements including agricultural liens and PACA claims and regularly represents clients in state and federal court.  The Oregon State Bar Economic Survey rates for an attorney with comparable years of practice is between $282 and $450 per hour.  The rate sought by Plaintiff's counsel is $370 per hour, which is within the compensation range of the Economic Survey.

On this record the Court concludes the hourly rate of $370 for attorney hours is reasonable.  At that rate, the Court awards attorneys' fees of $1,406.00.

### D.  Requested hourly rate for paralegal Chrisinger.

Counsel requests an hourly rate of $175.00 for the time spent by paralegal Chrisinger on this matter.

The Court relies on the National Utilization and Compensation Survey Report published by The Association of Legal Assistants•Paralegals (NALA) in 2015 to determine the reasonable hourly billable rate for paralegals.  Attorney Summers states in his Supplemental Declaration that paralegal Chrisinger has a Bachelor of Arts degree in Political Science, has been employed by the firm for over 13 years, and assists the firm with numerous

7 - OPINION AND ORDER

cases in preparing pleadings, preparing motions, trial preparation, and assisting at trial. The NALA survey indicates for paralegals in the Far West Region (which includes Oregon) the average hourly billing rate in 2014 was $133. Specifically, for paralegals with comparable years of experience (11-15 years) the average hourly billing rate was $121.

This matter involved a relatively uncomplicated civil-litigation issue rather than a complicated issue of business or corporate litigation as illustrated by the fact that paralegal Chrisinger expended more than two-thirds of the time required to work on this case.

On this record the Court concludes an hourly rate of $121 per hour for paralegal time is reasonable. At that rate, the Court awards paralegal fees in the amount of $1,125.30.

## **PLAINTIFF'S COSTS**

Plaintiff requests an award of costs in the amount of $465.00 comprised of the fee to file this action and service fees.

Absent a showing of circumstances not relevant here, an award of costs is governed by federal law. *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003).

28 U.S.C. § 1920 allows a federal court to tax specific

8 - OPINION AND ORDER

items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1).  Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation for court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Costs generally are awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise.  Fed. R. Civ. P. 54(d).  The court must limit an award of costs to those defined in 28 U.S.C. § 1920 unless otherwise provided for by statute.  *Grove v. Wells Fargo Fin. Ca., Inc.*, 606 F.3d 577, 579-80 (9th Cir. 2010).

Here the costs incurred for filing and service fees are specifically allowed under § 1920.  Accordingly, the Court awards costs to Plaintiff in the amount of **$465.00.**

## CONCLUSION

For these reasons, the Court **GRANTS as modified** Plaintiff's

9 - OPINION AND ORDER

Motion (#12) for an Award of Attorney Fees and Bills of Costs (#15) against Defendant and **AWARDS** attorneys' fees of **$1,406.00,** paralegal fees of **$1,125.30,** and costs of **$465.00**.

    IT IS SO ORDERED.

    DATED this 19th day of August, 2016.

                                       /s/ Anna J. Brown

                                       ANNA J. BROWN
                                       United States District Judge